TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Michael McNeill*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael McNeill, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NPAS, Inc., a Tennessee corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, MICHAEL MCNEILL, BY AND THROUGH COUNSEL, Trinette G. Kent, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et seq.*, ("FDCPA").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Kingman, Mohave County, Arizona.

3. Venue is proper in the District of Arizona, Prescott Division.

## PARTIES

4. The Defendant to this lawsuit is NPAS, Inc. ("NPAS"), which is a Tennessee corporation that maintains a registered agent in Phoenix, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Valley View Medical Center in the amount of $706.09.

6. The alleged debt was incurred in the amount of $6,310.31, and The U.S. Department of Veteran Affairs paid $5,604.22 of this.

7. Mr. McNeill does not owe the alleged debt.  Since the U.S. Department of Veteran Affairs agreed to cover his medical debt, the institution was required to accept its payment as payment in full and forgive the deficiency since Mr. McNeill veteran.

8. On or about May 27, 2015, Mr. McNeill received a demand letter from Defendant NPAS, attempting to collect the alleged debt in the amount of $706.90.

9. On or about June 1, 2015, Mr. McNeill sent a letter to Defendant, indicating that he did not owe the alleged debt.

10. On or about September 28, 2015, Mr. McNeill received another letter from Defendant, attempting to collect the alleged debt in the amount of $169.56.

11. On or about October 8, 2015, Mr. McNeill received another letter from Defendant, attempting to collect the alleged debt, again in the amount of $169.56.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is for a consumer debt.

15. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. The Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692f(1) by collecting an amount not permitted by law.

    b. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt.

17. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant NPAS for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendant NPAS:

a. Actual damages;

b. Statutory damages; and

4

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: February 3, 2016           NITZKIN & ASSOCIATES


By: */s/   Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Michael McNeill

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:16-cv-08018-SRB   Document 1   Filed 02/03/16   Page 7 of 7